UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                  Chapter 11, Subchapter V

REALMARK MARINA GRILL, L.L.C.,                          Case No. 2:22-bk-1229-FMD

      Debtor.

_____/

**DEBTOR'S MOTION TO APPROVE COMPROMISE BY AND AMONG THE
DEBTOR, RUMRUNNERS, LLC, DENNIS BESSEY, WILLIAM STOUT, SNAPPERS,
INC., JEFFREY GATELY, TODD JOHNSON, AND RALPH CENTALONZA, III**

---

**NOTICE OF HEARING**

NOTICE IS HEREBY GIVEN THAT a preliminary hearing in this case will be held before the Honorable Caryl E. Delano on November 15, 2023, at 11:00 a.m., Room 4-102, Hearing Room, United States Courthouse, 2110 First Street, Fort Myers, Florida 33901, to consider and act upon this Motion.

---

      REALMARK MARINA GRILL, L.L.C. (the "**Debtor**"), pursuant to Section 105 of the Bankruptcy Code,[1] Bankruptcy Rule[2] 9019, and Local Rule[3] 9019-1 requests the entry of an order authorizing and approving the terms of a settlement (the "**Settlement**") as summarized below, by and among Realmark Marina Grill, L.L.C. ("**Marina Grill**" or the "**Debtor**"), Rumrunners, LLC ("**Rumrunners**"), Dennis Bessey ("**Bessey**"), William Stout ("**Stout**" and together with Marina Grill Rumrunners, Bessey, as well as their respective shareholders, officers, directors, employees, tenants, affiliates, licensees, successors, heirs, and assigns, collectively the "**Realmark Parties**"), on the one hand, and Snappers, Inc. ("**Snappers**"), Jeffrey Gately ("**Gately**"), Todd Johnson

---

[1] All references herein to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

[2] All references herein to the "Bankruptcy Rules" are to the applicable Federal Rules of Bankruptcy Procedure.

[3] All references herein to the "Local Rules" are to the applicable Local Rules of the United States Bankruptcy Court for the Middle District of Florida.

("**Johnson**"), and Ralph Centalonza, III ("**Centalonza**" and together with Snappers, Gately, Johnson, as well as their respective shareholders, officers, directors, employees, tenants, affiliates, licensees, successors, heirs, and assigns, collectively the **"Snappers Parties"**), on the other hand. "**Parties**" shall mean collectively, the Realmark Parties and the Snappers Parties.

The Settlement resolves all claims, contested matters, adversary proceedings brought or that could have been brought and are pending between and among the Parties in the District Court Action (defined below) and this Court, as more particularly described in the Settlement Agreement between the Parties.[4]  In support of this Motion, the Debtor states as follows:

### GENERAL BACKGROUND

1.      On December 12, 2022 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") as Case No. 2:22-bk-01229-FMD (the "**Bankruptcy Case**") and made an election to proceed under Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

2.      Prior to the Petition Date, Snappers filed a seven-count trademark infringement action against the Realmark Parties in the United States District Court for the Middle District of Florida, Fort Myers Division (the "**District Court**"), relating to the use of the name "Rumrunners." *See Snappers, Inc. v. Realmark Marina Grill, LLC, et al.,* Case No. 2:22-cv-00234-JLB-KCD (the "**District Court Action**").

---

[4] A fully executed copy of the Settlement Agreement is available by request to Detor's counsel at amayer@srbp.com. To the extent there is any difference between the terms of the Settlement Agreement and the summary of the Settlement in this motion, the Settlement Agreement shall control.

3.      On February 8, 2023, Snappers filed Claim No. 5 in the Bankruptcy Case as a general unsecured claim seeking damages in the amount of $4.8 million in connection with the allegations made in the District Court Action (the "**Claim**").

4.      On May 19, 2023, the Debtor filed *Debtor's Objection to Claim No. 5 of Snappers, Inc.* (Doc. No. 137) (the "**Objection to Claim**") disputing the allegations made in the District Court Action and requesting that the Bankruptcy Court disallow the Claim in its entirety.

5.      On June 15, 2023, the Debtor filed the *Debtor's Motion to Approve Compromise by and Among the Debtor, SHM Cape Harbour, LLC, Rumrunners, LLC, Harbour Rentals, LLC, Dennis Bessey, William Stout, CRE Cape Harbour Marina, LLC, and CRE Cape Harbor Land, LLC* (Doc. No. 150) (the "**SHM Compromise**").

6.      On June 19, 2023, Snappers filed *Creditor Snappers, Inc.'s Response in Opposition to Debtor's Objection to Claim No. 5* (Doc. No. 153) (the "**Claim Objection Opposition**").

7.      On June 29, 2023, Snappers filed *Snappers, Inc.'s Objection to Debtor's Motion to Approve Compromise by and Among the Debtor, SHM Cape Harbour, LLC, Rumrunners, LLC, Harbour Rentals, LLC, Dennis Bessey, William Stout, CRE Cape Harbour Marina, LLC, and CRE Cape Harbor Land, LLC* (Doc. No. 156) (the "**SHM Compromise Objection**").

8.      On August 1, 2023, Snappers filed *Snappers, Inc.'s Motion for Relief from the Automatic Stay* (Doc. No. 170) (the "**Stay Relief Motion**") seeking relief from the Bankruptcy Court to proceed with the District Court Action.

9.      On August 2, 2023, the Debtor filed the *Debtor's Motion to Estimate Claim No. 5 Filed by Snappers, Inc.* (Doc No. 171) (the "**Motion to Estimate**") seeking to estimate Snappers' claim at $0 for all purposes, including for voting and distribution in the Bankruptcy Case.

3

10. On August 3, 2023, the Debtor filed the *Debtor's Response in Opposition to Motion for Relief from the Automatic Stay Filed by Snappers, Inc.* (Doc. No. 174) (the "**Stay Relief Opposition**").

11. At a hearing held on August 16, 2023, the Bankruptcy Court granted the Motion to Estimate and denied the Stay Relief Motion. Orders from the August 16, 2023, Bankruptcy Court's hearing are pending entry.

12. On August 31, 2023, the Court entered an order approving the SHM Compromise over the SHM Compromise Objection. *See* Doc. No. 192.

13. The claims in the District Court Action, the Claim, the Objection to Claim, the Claim Objection Opposition, the SHM Compromise Objection, the Stay Relief Motion, the Stay Relief Opposition, the Motion to Estimate, and any and all claims that have been or could have been brought by the Snappers Parties against the Realmark Parties are hereinafter referred to collectively as the "**Disputes**".

14. Resolution of the Disputes will affect the Debtor, creditors in the Debtor's Bankruptcy Case, and other parties to the Disputes, because it paves a path forward to confirmation of the plan and exiting bankruptcy.

15. The Parties engaged in mediation and pre- and post-mediation settlement discussions to resolve the Disputes. The Parties have reached an agreement to resolve the Disputes, the terms of which are set forth in the Settlement Agreement and summarized below.

<u>THE PROPOSED SETTLEMENT</u>

16. Subject to approval of the Settlement by this Court and the entry of a final, non-appealable order granting this motion, the Parties have agreed to the terms set forth in the Settlement Agreement, which are summarized below:

4887-2071-8202, v. 3

a. **Settlement Payment.**  In full settlement and satisfaction of the Disputes (including the Claim), no later than ten (10) days after the Approval Order becomes final and non-appealable, and provided that the Snappers Parties have fully complied with their obligations under Paragraph 4, below, the Realmark Parties shall remit the sum of $325,000.00 (Three Hundred Twenty-Five Thousand and 00/XX Dollars) (the "**Settlement Payment**") to the attorney trust account of Dal Lago Law by wire transfer pursuant to the wire instructions attached hereto. Dal Lago Law shall hold the Settlement Payment in trust and shall not disburse such funds to Snappers or the Snappers parties until such time as (i) all documents contemplated by Paragraph 4 have been fully executed and are in the possession of the Escrow Agent (as defined below) and (ii) the Escrow Agent has sent via Federal Express (or other overnight delivery service) and confirmed delivery of such documents to the GrayRobinson firm, attention Luis E. Rivera, as counsel for the Realmark Parties. Upon confirmation of such delivery to the GrayRobinson firm, the Escrow Agent may then release the Settlement Payment to the Snappers Parties. In the event of a breach of this provision by the Realmark Parties, the Snappers Parties shall be entitled to litigation expenses for enforcement of this Agreement, as set forth in paragraph 18 hereof, and shall be entitled to relief from the Automatic Stay to pursue the Claim in the District Court via the District Court Action, and the Realmark Parties agree and stipulate that there would be no defenses to such relief.

For the purposes of this Agreement, the "Escrow Agent" is defined as Attorney Michael Dal Lago, Esq., of Dal Lago Law, 999 Vanderbilt Beach Road, Suite 200, Naples, Florida 34108, (239) 571-6877, mike@dallagolaw.com.

b. **Use of Rumrunners by the Realmark Parties.**  As between the Parties, the Snappers Parties acknowledge and agree that the Realmark Parties and any others that they shall so authorize at any time have the legal authority to use the name "Rumrunners" and all logos, marks, signs, website domains, email addresses, or any other thing associated therewith (whether previously, currently, or in the future) (collectively, the "**Rumrunners Identifiers**"). The Snappers Parties shall not interfere with the Realmark Parties' right to use the Rumrunners Identifiers.

c. **Cessation of Use of Rumrunners Identifiers by the Snappers Parties**.  The Snappers Parties agree to immediately cease and desist from using any of the Rumrunners Identifiers, including but not limited to the following:

i. Currently, Intergraphic Creative Group, Inc. ("Integraphics"), has access to, and the ability to transfer, the website www.rumrunnersrestaurant.com and the domain name to the Realmark Parties.  Upon execution of this Agreement by all Parties, the Snappers Parties agree they will no longer have any right, title, or interest in or to the website www.rumrunnersrestauraunt.com or that domain name. Upon execution of this Agreement by all Parties, the Snappers Parties will immediately direct Integraphics to transfer the website www.rumrunnersrestaurant.com and the domain name to the Realmark Parties. Once the website and domain name are transferred to the Realmark Parties by Integraphics, the Realmark

Parties agree to change the content of the website to make clear it is no longer associated or affiliated with the Snappers Parties. The Realmark Parties agree they will not use the name "Snappers" in any advertising or promotional materials. The Realmark Parties agree they will not use the names, images, or likeness of Gately, Johnson, or Centalonza in any advertising or promotional materials. To the extent necessary, the Snappers Parties agree to execute any documents required to effectuate the transfer within fourteen (14) days of the request.

ii. The Snappers Parties shall take all actions as are necessary to transfer the following Florida state trademark and service mark registrations to the Realmark Parties:  Documents Nos.   T04000000765, T21000000956, T21000000939.  In order to effectuate the purposes of this provision, the Snappers Parties shall execute assignments for each of the referenced Florida state trademark and service mark registrations in favor of the Realmark Parties in the form attached to the Settlement Agreement, which documents shall be held in escrow by the Escrow Agent until such time as the Approval Order becomes final and non-appealable herein.  To the extent necessary, the Snappers Parties agree to execute any additional documents required to effectuate the assignment of the marks within fourteen (14) days of request.

iii. The Snappers Parties shall take all actions as are necessary to cancel or withdraw any fictitious name filing(s) they have filed in the name of Rumrunners or any similar name and shall provide proof of same within ten (10) days from the date when the Approval Order becomes final and non-appealable in this case.

iv. Snappers, Inc., has the ability to manage the Facebook page "Rumrunners at Cape Harbour", currently locatable at the following URL: https://www.facebook.com/profile.php?id=100063588132604 (the "Snappers Facebook Page"). Upon receipt of the Settlement Payment, the Snappers Parties agree to provide the Realmark Parties, through their counsel, with the information required to access and manage the Snappers Facebook Page. To the best of The Snappers Parties' knowledge and belief, with the exception of the Snappers Facebook Page, Snappers, Inc., does not own or control any accounts on Facebook, X (formerly known as Twitter), Instagram, Google, or Tik Tok, which Snappers Inc. has used to promote or advertise "Rumrunners" (the "**Snappers Social Media Accounts**"). The Snappers Parties agree they will not create any account on any social media platform to advertise or promote "Rumrunners." To the extent the Realmark Parties discover Snappers Inc., does own or control any Snappers Social Media Account not previously transferred to the Realmark Parties, the Realmark Parties will notify all of the Snappers Parties, and if Snappers, Inc., does own or control the Snappers Social Media Account discovered by the Realmark Parties, then the Realmark Parties will prepare all paperwork necessary to transfer the Snappers Social Media Account from Snappers

6

Inc. to the Realmark Parties, which Snappers Inc., will then execute within fourteen (14) days of receiving said paperwork from the Realmark Parties.

It is expressly understood that the Parties must fully cooperate in providing whatever documentation or information is necessary to effectuate the purposes of this paragraph, that cooperation not being limited to the documents required to be provided to the Escrow Agent herein.

d. **Withdrawal of Pending Pleadings in the Bankruptcy Case and the District Court Action.** No later than five (5) days after Snappers' receipt of the Settlement Payment, the Parties shall withdraw or dismiss with prejudice (and subject to paragraph 6 below) all pending claims, complaints, motions, objections, responses, oppositions, and other pleadings filed in the Bankruptcy Case and the District Court Action that relate to the Disputes between the Parties, aside from any motion required for approval of this Agreement.

e. **Fees and Costs**. Each of the Parties to this Agreement shall bear their own attorney fees and costs arising from or related to the Disputes (including the mediation conducted on July 21, 2023) and the negotiation and documentation of this Agreement.

f. **Release by the Realmark Parties.** Upon the entry of the Approval Order **and** Snappers' receipt of the Settlement Payment, the Realmark Parties shall be deemed to have remised, released, acquitted, waived, satisfied, and forever discharged the Snappers Parties from any and all manner of debts, dues, sums of money, accountings, bonds, warranties, representations, covenants, promises, contracts, controversies, agreements, liabilities, obligations, reckonings, expenses, damages, judgments, executions, objections, defenses, setoffs, actions, liens, suits, proceedings, claims, counterclaims, losses, costs, expenses, attorneys' fees, demands, and causes of action of any kind or nature whatsoever, whether contingent, whether disputed or undisputed, whether or not well-founded in fact or law, whether in law, equity or otherwise, whether known or unknown, and whether now accrued or hereafter maturing, that any of the Realmark Parties ever had, now have or hereafter can, shall or may have against any of the Snappers Parties, from the beginning of the world until the Effective Date, for or by reason of any matter, cause, omission, or thing whatsoever, including, but not limited to the Disputes; and, further, the Realmark Parties do hereby covenant and agree never to institute or cause to be instituted or continue prosecution of any lawsuit, arbitration or other form of action or proceeding of any kind or nature whatsoever against the Snappers Parties by reason of, related to, arising out of, or in connection with any of the foregoing released claims.

g. **Release by the Snappers Parties.** Upon the entry of the Approval Order **and** Snappers' receipt of the Settlement Payment, the Snappers Parties shall be deemed to have remised, released, acquitted, waived, satisfied, and forever discharged the Realmark Parties from any and all manner of debts, dues, sums of money, accountings, bonds, warranties, representations, covenants, promises, contracts,

controversies, agreements, liabilities, obligations, reckonings, expenses, damages, judgments, executions, objections, defenses, setoffs, actions, liens, suits, proceedings, claims, counterclaims, losses, costs, expenses, attorneys' fees, demands, and causes of action of any kind or nature whatsoever, whether contingent, whether disputed or undisputed, whether or not well-founded in fact or law, whether in law, equity or otherwise, whether known or unknown, and whether now accrued or hereafter maturing, that any of the Snappers Parties ever had, now have or hereafter can, shall or may have against any of the Realmark Parties, from the beginning of the world until the Effective Date, for or by reason of any matter, cause, omission, or thing whatsoever, including, but not limited to the Disputes; and, further, the Snappers Parties do hereby covenant and agree never to institute or cause to be instituted or continue prosecution of any lawsuit, arbitration or other form of action or proceeding of any kind or nature whatsoever against the Realmark Parties by reason of, related to, arising out of, or in connection with any of the foregoing released claims.

## RELIEF REQUESTED

17.      The Debtor seeks approval of the Settlement pursuant to Bankruptcy Rule 9019, and requests the Court enter the Approval Order. The Settlement is fair and equitable, is in the best interest of the estate, and should be approved. Additionally, the Debtor seeks, pursuant to Bankruptcy Rule 6004(h), a waiver of any stay of the effectiveness of the Approval Order.

## BASIS FOR RELIEF AND MEMORANDUM OF LAW

18.      The Debtor asks the Court to approve the Settlement pursuant to Bankruptcy Rule 9019. It is generally recognized that the law favors compromise of disputes over litigation. *E.g., In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (Paskay, C.J.). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. *In re Holywell Corp.*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988) (Weaver, J.).

19.      In *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied* 498 U.S. 959, (1990), the Eleventh Circuit enunciated certain factors which must be considered in determining whether to approve a compromise. These factors include the following:

      a.       The probability of success in the litigation;

      b.       The difficulties, if any, to be encountered in the matter of collection;

      c.       The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and

      d.       The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.*

20.      As courts have has reasoned, bankruptcy courts consider the *Justice Oaks* factors to "determine the fairness, reasonableness [,] and adequacy of a proposed settlement."  *In re Gaddy*, 622 B.R. 440, 448–49 (Bankr. S.D. Ala. 2020), *aff'd sub nom. In re Gaddy*, 851 F. App'x 996 (11th Cir. 2021). Moreover, in examining the relevant factors, a bankruptcy court generally defers to a trustee's [or debtor in possession's] reasonable business judgment and must not substitute its own business judgment for that of the trustee [or debtor in possession]. *See id.* (citations omitted).

21.      As discussed below, the Settlement satisfies the *Justice Oaks* factors and should be approved.

22.      Absent settlement, the Debtor would be required to litigate the Disputes before this Court. Although the Debtor believes that it would ultimately prevail and confirm a plan, there are risks inherent in any litigation.  In addition, Snappers believes strongly in its positions and its $4.8 million dollar claim. Limiting the costs of litigation and creating greater certainty in outcome means less administrative expense burden imposed upon the estate, which increases the Debtor's ability to fund distributions to creditors.

23.      The Settlement provides for a global resolution of the Parties' disputes, results in satisfaction of creditor claims, and avoids the delay, uncertainty, risk, and cost attendant with

further litigation. For these reasons, the Settlement satisfies the *Justice Oaks* factors and should be approved.

24.     In addition, the Debtor seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the fourteen (14) day stay period, commentators have suggested that the fourteen (14) day stay period should be eliminated to allow a transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy, ¶6004.11. The relief requested herein is essential to avoiding substantial litigation and implementing a global resolution of the Parties' disputes.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) granting this motion; (b) approving the Settlement; (c) waiving any stay of the effectiveness of the Approval Order, (d) authorizing the parties to take all steps necessary to effectuate the Settlement; and (e) providing such further relief as is just.

*/s/ Amy Denton Mayer*
Amy Denton Mayer (FBN 0634506)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email:  amayer@srbp.com
Attorneys for Debtor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing has been furnished on this 25th day of October, 2023, by either the Court's electronic noticing system or by U.S. mail to all creditors on the Court's matrix.

*/s/ Amy Denton Mayer*

Amy Denton Mayer

11

Label Matrix for local noticing
113A-2
Case 2:22-bk-01229-FMD
Middle District of Florida
Ft. Myers
Wed Oct 25 16:11:53 EDT 2023

Dennis J. Bessey
c/o Mark D. Hildreth
Shumaker, Loop & Kendrick, LLP
PO Box 49948
Sarasota, FL 34230-6948

Caryl E. Delano
Tampa
, FL

GrayRobinson, P.A.
1404 Dean Street
Suite 300
Fort Myers, FL 33901-2858

Hancock Askew & Co., LLP
3740 Davinci Court #400
Norcross, GA 30092-7615

James M Matulis
Matulis Mediation Arbitration
Chase Professional Park
10906 Sheldon Road
Tampa, FL 33626-4701

Meta at Cape Harbour Community Association,
Roetzel and Andress, LPA
c/o Paul A. Giordano
2320 First Street, Suite 1000
Fort Myers, FL 33901-2904

Realmark Marina Grill, L.L.C.
5793 Cape Harbour Dr., #116
Cape Coral, FL 33914-8646

Rumrunners, LLC
c/o Mark D. Hildreth/Shumaker Loop
240 S. Pineapple Avenue
9th Floor
Sarasota, FL 34236-6717

William J. Stout
c/o Mark D. Hildreth, Esq.
Shumaker, Loop & Kendrick, LLP
240 S. Pineapple Ave., 10th Floor
Sarasota, FL 34236-6717

Wayne Automatic Fire Sprinklers Inc
c/o Wayne H Gey
222 Capitol Court
Ocoee, FL 34761-3033

Alliant, LLC dba Premier ATM
3350 W. Americana Terrace, #340
Boise, ID 83706-2547

Anthony J. Folino, Jr. -
111 Settlers Lane
Hyannis, MA 02601-2283

Big Kahuna Tiki Huts
601 Monroe Ave.
Cape Canaveral, FL 32920-2241

CRE Cape Harbour Land, LLC
c/o Jamie Zysk Isani, Esq.
Wells Fargo Center
333 SE Second Avenue, Suite 2400
Miami, FL 33131-2178

Capital One
P.O. Box 60519
City of Industry, CA 91716-0519

Clover
First Data Reporting
P.O. Box 6604
Hagerstown, MD 21741-6604

Darryl McFarlane
8531 NW 41st St.
Hollywood, FL 33024-5044

Dennis J. Bessey
c/o Mark D. Hildreth, Esq.
PO Box 49948
Sarasota, FL 34230-6948

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Edward M. Livingston, Esq.
Livingston Law, P.A.
P.O. Box 110340
Naples, FL 34108-0106

Embarq Florida, Inc.-South Florida
Centurylink Communications, LLC.
1025 El Dorado Blvd. Attn:Legal-BKY
Broomfield, CO 80021-8249

Gerard A. McHale, Jr. P.A.
1601 Jackson Street, Suite 200
Fort Myers, FL 33901-2968

Gray Robinson
P.O. Box 3068
Orlando, FL 32802-3068

Harbour Rentals, LLC
5793 Cape Harbour Dr., #116
Cape Coral, FL 33914-8646

Henderson Franklin Starnes & Holt
P.O. Box 280
Fort Myers, FL 33902-0280

Hunton Andrews Kurth LLP
1111 Brickell Ave., #2500
Miami, FL 33131-3148

Internal Revenue Service -
P.O. Box 7346
Philadelphia, PA 19101-7346

Lee County Tax Collector -
P.O. Box 1609
Fort Myers, FL  33902-1609

Litestar
5793 Cape Harbour Dr., #116
Cape Coral, FL 33914-8646

Meta At Cape Harbour Community Association,
c/o Paul A. Giordano, Esq
2320 Frist Street, Suite 1000
Fort Myers, FL 33901-2904

Meta at Cape Harbour Community Assoc.
c/o Resort Management
2685 Horseshoe Dr., #215
Naples, FL 34104-6113

Realmark Cottages
5793 Cape Harbour Dr., #116
Cape Coral, FL 33914-8646


Realmark Development, LLC
5793 Cape Harbour Dr., #116
Cape Coral, FL 33914-8646

Realmark Management Services, LLC
5793 Cape Harbour Dr., #116
Cape Coral, FL 33914-8646

Ricks Sound and Lighting/The Cavalry IT
727 SE 9th Ave.
Cape Coral, FL 33990-2984


Rumrunners, LLC
5793 Cape Harbour Dr., #116
Cape Coral, FL 33914-8646

Rumrunners, LLC
c/o Mark D. Hildreth, Esq.
Shumaker, Loop & Kendrick, LLP
240 S. Pineapple Avenue, 9th Floor
Sarasota, FL 34236-6717

SHM Cape Harbour, LLC
c/o Chene M. Thompson, Esq.
Pavese Law Firm
1833 Hendry St.
Fort Myers, FL 33901-3054


SHM Cape Harbour, LLC
c/o Scott A. Underwood
Underwood Murray, P.A.
100 N. Tampa St., Suite 2325
Tampa, FL 33602-5842

SHM Cape Harbour, LLC -
c/o Trey Crawford
Crawford, Wishnew & Lang PLLC
1700 Pacific Ave., Suite 2390
Dallas, TX 75201-7371

Snappers, Inc.
25025 Oak Hammock Ct
Punta Gorda, FL 33955-6219


Snappers, Inc.
c/o Dal Lago Law
999 Vanderbilt Beach Road
Suite 200
Naples, Florida 34108-3512

Snappers, Inc. -
c/o Dal Lago Law
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512

Snappers, Inc.
c/o Jennifer M Duffy, Esq.
Dal Lago Law
999 Vanderbilt Beach Road Suite 200
Naples, FL 34108-3512


Snappers, Inc.
c/o Michael R. Dal Lago
Dal Lago Law
999 Vanderbilt Beach Rd., Ste. 200
Naples, FL 34108-3512

Trey Crawford, Esq.
Crawford Wishnew Lang
1700 Pacific Ave., #2390
Dallas, TX 75201-7371

Wayne Automatic Fire Sprinklers Inc
c/o DAVID E PETERSON
P.O. BOX 2809
ORLANDO FL 32802-2809


Wayne Automatic Fire Sprinklers. Inc.
222 Capital Court
Ocoee, FL 34761-3033

William J. Stout
c/o Mark D. Hildreth
SHUMAKER, LOOP & KENDRICK, LLP
Post Office Box 49948
Sarasota, FL 34230-6948

David E. Peterson +
Lowndes Drosdick Doster Kantor & Reed PA
215 North Eola Drive
Orlando, FL 32801-2095


Mark D. Hildreth +
Shumaker, Loop & Kendrick, LLP
P. O. Box 49948
Sarasota, FL 34230-6948

Benjamin E. Lambers +
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602-3945

United States Trustee - FTM +
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602-3949


Amy Denton Mayer +
Stichter Riedel Blain & Postler, P.A.
110 E Madison Street
Suite 200
Tampa, FL 33602-4718

Luis E Rivera II +
GrayRobinson, P.A.
1404 Dean Street, Suite 300
Fort Myers, FL 33901-2858

Lee County Tax Collector (CS) +
c/o Legal Department
Post Office Box 850
Fort Myers, FL 33902-0850


Scott A Underwood +
Underwood Murray, P.A.
100 North Tampa St, Suite 2325
Tampa, FL 33602-5842

Paul Anthony Giordano +
Roetzel & Andress, LPA
2320 First Street, Suite 1000
Fort Myers, FL 33901-2904

Michael R Dal Lago +
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512

Gerard A McHale Jr +
McHale PA
1601 Jackson St. Suite 200
Fort Myers, FL 33901-2968

Christian G Haman +
Dal Lago Law
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512

Adam M Gilbert +
Underwood Murray, P.A.
100 North Tampa Street, Suite 2325
Tampa, FL 33602-5842

Jennifer M Duffy +
Dal Lago Law
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108-3512

Michael C Markham +
401 E. Jackson Street
Ste 3100
Tampa, FL 33602-5228

Trey Crawford +
Crawford, Wishnew & Lang PLLC
1700 Pacific Avenue
Suite 2390
Dallas, TX 75201-7371

Haleigh Jones +
Crawford, Wishnew & Lang PLLC
1700 Pacific Ave.
Suite 2390
Dallas, TX 75201-7371


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)SHM Cape Harbour, LLC

(u)Snappers, Inc.

(u)Stichter, Riedel, Blain & Postler, P.A.


(d)Dennis J. Bessey
c/o Mark D. Hildreth
Shumaker, Loop & Kendrick, LLP
P. O. Box 49948
Sarasota, FL 34230-6948

(d)Hancock Askew & Co., LLP
3740 Davinci Court, #400
Norcross, GA 30092-7615

(u)Kynes, Markman & Felman, P.A.


(d)William J. Stout
c/o Mark D. Hildreth, Esq.
Shumaker, Loop & Kendrick, LLP
240 S. Pineapple Ave., 10th Floor
Sarasota, FL 34236-6717

(u)Roberta A Colton +

(d)Michael C Markham +
401 E. Jackson Street
Ste 3100
Tampa, FL 33602-5228


(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
-------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients     66
Bypassed recipients     10
Total                   76