UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| REALMARK MARINA GRILL, L.L.C., | Case No. 2:22-bk-1229-FMD |
| Debtor.                                    / | |

**DEBTOR'S CONFIRMATION DECLARATION AND
MEMORANDUM IN SUPPORT OF CONFIRMATION OF AMENDED PLAN
OF REORGANIZATION FOR SMALL BUSINESSES UNDER CHAPTER 11**

Realmark Marina Grill, L.L.C. (the "**Debtor**") files its *Confirmation Declaration and Memorandum of Law in Support of Confirmation of Amended Plan of Reorganization for Small Businesses Under Chapter 11* (the "**Confirmation Declaration**") in respect of the *Amended Plan of Reorganization for Small Businesses* (Doc. No. 207) and *Amendment to Amended Plan of Reorganization for Small Businesses* (Doc. No. 226) (collectively, the "**Plan**"). In support of confirmation, the Debtor states as follows:

**I.      SUMMARY OF THE DEBTOR AND THE PLAN**[1]

    **A.      Overview of Plan**

The Plan provides for the payment of Allowed Claims as described in Article 4 of the Plan from (i) existing cash on hand on the Effective Date; (ii) projected disposable income remaining after the payment of operating expenses; and (iii) to the extent available and necessary, exit financing and/or contributions from non-debtor parties.

---

[1] Capitalized terms shall have the same meaning ascribed to them in the Plan.

B.   **Treatment of Creditors**

1.   **Treatment of Administrative Claims and Priority Tax Claims**

a.   **Administrative Expense Claims**

Each holder of an administrative expense claim allowed under § 503 of the Bankruptcy Code will be paid in cash on the Effective Date, pursuant to § 1191(e) of the Bankruptcy Code in accordance with the projections (attached to the Plan as **Exhibit C**), or as otherwise agreed to by the Debtor and the claimant.

b.   **Priority Tax Claims**

The only priority tax claim filed in the case is the Internal Revenue Service's claim, Claim No. 12, of which $5.94 was filed as priority.  The Debtor reserves the right to object to any scheduled and filed claims, however, to the extent that the priority portion of Claim No. 12 is allowed, it will be paid on the Effective Date.

2.   **Treatment of Classified Claims and Equity Interests**

Claims and Equity Interests will be treated under the Plan in the manner set forth in Article 4 of the Plan. Except as otherwise specifically provided in the Plan, the treatment of, and the consideration to be received by, Holders of Allowed Claims and Holders of Allowed Equity Interests pursuant to the Plan will be in full and final satisfaction, settlement, release, extinguishment, and discharge of their respective Allowed Claims (of any nature whatsoever) and Allowed Equity Interests.  The Classes are set forth below:

| Class | Description of Claim or Interest | Impaired/ Unimpaired |
|---|---|---|
| 1 | Priority Claims | Unimpaired |
| 2 | Alleged property rights of SHM | Impaired |
| 3 | Secured Tax Claims | Impaired |
| 4 | Claim of CRE | Impaired |
| 5 | Claim of Snappers, Inc. | Impaired |
| 6 | Non-priority, non-insider unsecured claims | Impaired |

4891-7830-1332, v. 3

| 7 | Non-priority insider unsecured claims | Impaired |
|---|---|---|
| 8 | Equity Interests | Unimpaired |

## II.     OBJECTIONS TO CONFIRMATION

No objections to confirmation of the Plan have been filed.

## III.    CONFIRMATION REQUIREMENTS

Because this is a Subchapter V case, this Confirmation Declaration addresses the requirements of § 1129(a), other than § 1129(a)(15), and the requirements of § 1191.

### A.     Plan's Compliance § 1129(a)(1)

The Plan complies with the applicable provisions of the Bankruptcy Code. By way of example, the Plan:

1. designates, subject to Section 1122 of the Bankruptcy Code, Classes of Claims;

2. specifies any class of Claims that are not impaired under the Plan;

3. specifies any class of Claims that are impaired under the Plan and the treatment of any class of Claims or Interest that are impaired under the Plan;

4. provides the same treatment for each Claim of a particular class, unless the holder of a particular claim has agreed to a less favorable treatment of such particular Claim;

5. provides adequate means for the Plan's execution; and

6. provides for the assumption and rejection of executory contracts.

Accordingly, the Plan satisfies Section 1129(a)(1) of the Bankruptcy Code.

### B.  Proponent's Compliance - § 1129(a)(2)

The Debtor complied with the applicable provisions of the Bankruptcy Code and is qualified to file a Plan.  By way of example, the Debtor has:

1. performed and complied with the duties imposed under §§ 1184 and 1187 of the Bankruptcy Code;

2. solicited acceptances of the Plan only in accordance the Bankruptcy Code and orders of the Court;

3. obtained court orders for the employment of professionals; and

4. complied with the Bankruptcy Code and the Bankruptcy Rules regarding the use, sale, and lease of property of the estate.

### C.  Good Faith - § 1129(a)(3)

The Plan has been proposed in good faith and not by any means forbidden by law. Accordingly, the Plan satisfies § 1129(a)(3) of the Bankruptcy Code.  Moreover, no party has filed an objection to confirmation asserting that the Plan has not been proposed in good faith and by any means forbidden by law.  In the absence of a timely filed objection, pursuant to Rule 3020(b)(2) of the Federal Rules of Bankruptcy Procedure, the Court may determine that the Plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

### D.  Payments to Professionals - § 1129(a)(4)

All payments made, or to be made, by the Debtor in or in connection with this case or in connection with the Plan either have been approved by or are subject to the approval of the Bankruptcy Court.  At the hearing on confirmation, or at some time prior to the Effective Date, the

Court will determine the extent appropriate and allow as reasonably certain fees and costs of administration.

E. **Management of the Debtor Following Effective Date - § 1129(a)(5)**

The management of the Debtor will remain the same and shall serve from and after the Effective Date until successors are duly elected or appointed and qualified or until the Debtor is dissolved in accordance with their organizational documents and applicable law.

F. **Government Approval - § 1129(a)(6)**

No regulatory commission has jurisdiction after confirmation of the Plan over rates of the Debtor.

G. **Best Interests of Creditors - § 1129(a)(7)**

With respect to each impaired class of Claims, each Holder of a Claim of such class has either accepted the Plan or will receive or retain under the Plan on account of such claim, property of a value, as of the Effective Date, not less than the amount such Holder would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

As set forth in this Confirmation Declaration, the Plan, and the Liquidation Analysis (attached to the Plan as Exhibit B), each Holder of an Allowed Secured or Unsecured Claim will receive at least as much under the Plan as they would receive in a chapter 7 liquidation. Accordingly, the Plan satisfies the "best interests of creditors test" and § 1129(a)(7)(A)(ii) of the Bankruptcy Code.

H. **Acceptance or Rejection of Plans - § 1129(a)(8)**

As set forth in the Plan, Classes 1 and 8 are Unimpaired. Classes 2 through 7 are Impaired. As set forth in the Ballot Tabulation, all Impaired Classes have either voted to accept the Plan (Classes 2, 4, and 7), or are expected to vote to accept the Plan prior to or at the confirmation

hearing (Classes 3, 5, and 6).  Class 3 is being paid in full in accordance with the provisions of the Bankruptcy Code.  The treatment of Class 5 set forth in the Plan is as agreed to by the parties.  *See* Doc. No. 206.  Below is a chart listing the scheduled and filed Class 6 unsecured claims:

| **Claim No.** | **Creditor** | **Amount** |
|---|---|---|
| 1 | Embarq Florida, Inc. - South Florida/Centurylink | $22.64 |
| 2 | Folino, Anthony J. Jr. | $300.00 |
| 3 | Folino, Anthony J. Jr. | $300.00 |
| 4 | Folino, Anthony J. Jr. | $300.00 |
| 9 | Wayne Automatic Fire Sprinklers. Inc. | Unliquidated |
| 10 | Wayne Automatic Fire Sprinklers. Inc. | Unliquidated |
| 12 | Internal Revenue Service | $5,100.00 |
| Scheduled | Big Kahuna Tiki Huts | $4,000.00 |
| Scheduled | Capital One | $11,550.75 |
| Scheduled | Clover | $94.85 |
| Scheduled | Darryl McFarlane | $200.00 |
| Scheduled | Hancock Askew & Co., LLP | $6,125.19 |
| Scheduled | Henderson Franklin Starnes & Holt | $27,096.00 |
| Scheduled | ODP Business Solutions, LLC | $378.81 |
| Scheduled | Ricks Sound and Lighting/The Cavalry IT | $966.34 |
| | | |
| | Total: | $56,434.58 |

The Debtor reserves the right to object to any scheduled or filed claims.  The Debtor intends to object to Claims 2 (filed in the wrong case), 3 (duplicate of Claim 2), 4 (duplicate of Claim 2), the scheduled claims of Hancock Askew and Ricks Sound, which were paid by a non-debtor.  The Debtor projects that the Allowed Class 6 Claims will total $48,443.05.  Each holder of an allowed Class 6 claim (excluding SHM, CRE, Snappers, and Insiders) will be paid in full on a quarterly basis over a period of three (3) years or twelve (12) quarters, commencing on the first day of the calendar quarter following the Effective Date, all as set forth in the projections (attached to the Plan as Exhibit C).

4891-7830-1332, v. 3

**I.      Priority Claims - § 1129(a)(9)**

The Plan provides that the Holders of Allowed Administrative Claims will be paid in cash on the Effective Date, pursuant to § 1191(e) of the Bankruptcy Code in accordance with the projections (attached to the Plan as Exhibit C), or as otherwise agreed to by the applicable Debtor and the claimant.

**J.      Acceptance by an Impaired Class - § 1129(a)(10)**

Classes 2 through 7 are Impaired.  As set forth in the Ballot Tabulation, Classes 2, 4, and 7 are Impaired and have voted to accept the Plan.  The Debtor expects Class 3, 5, and 6 to vote to accept the Plan prior to or at the Confirmation Hearing.

**K.      Feasibility - § 1129(a)(11)**

On or about October 28, 2023, the undersigned established an account pursuant to Bankruptcy Rule 3020(a) and is holding the sum of $375,00.00 to fund the distributions to Classes 4 and 5.  Other payments required under the Plan will be funded from (i) existing cash on hand on the Effective Date; (ii) projected disposable income remaining after the payment of operating expenses; and (iii) to the extent available and necessary, exit financing and/or contributions from non-debtor parties—all in accordance with the projections attached to the Plan as Exhibit C. These funds are sufficient to make the payments to creditors under the Plan.  Accordingly, the Plan satisfies the requirements of § 1129(a)(11) of the Bankruptcy Code.

**L.      Trustee's Fees - § 1129(a)(12)**

This is a Subchapter V case, so there are no fees payable under § 1930 of Title 28.

**M.      Retiree Benefits - § 1129(a)(13)**

There are no unsecured claims for contribution to a retiree benefit plan, and thus no retiree benefits dealt with under the Plan.

**N.      Principal Purpose**

The principal purpose of the Plan does not contemplate the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act of 1933.

**O.      Plan's Compliance - § 1191(a), (b)**

The Plan satisfies all the requirements of § 1129(a) except perhaps (a)(8) and (a)(15), which is not applicable to this case. Therefore, the Plan may not currently satisfy § 1191(a). However, the Plan satisfies the requirements of § 1191(b). The Plan is fair and equitable with respect to Class 3 because the Class 3 creditors are receiving the treatment required by the Bankruptcy Code. The Plan is also fair and equitable with respect to Class 5 as the treatment is the treatment agreed to by the Class 5 creditor. *See* Doc. No. 206. The Plan is fair and equitable with respect to Class 6 because they will be paid in full from (i) existing cash on hand on the Effective Date; (ii) projected disposable income remaining after the payment of operating expenses; and (iii) to the extent available and necessary, exit financing and/or contributions from non-debtor parties.

*/s/ Amy Denton Mayer*
Amy Denton Mayer (FBN 634506)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
(813) 229-0144 – Phone
Email: amayer@srbp.com
Attorneys for Debtor

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on December 1, 2023.

_____
Dennis Bessey, as Manager of the Debtor

4891-7830-1332, v. 1